Stewart, J.
Defendant has filed three assignments of error in this court, as follows:
1. Admission in the trial court, over objection by defendant, of opinion testimony of certain police officers, which testimony was that defendant was intoxicated or under the influence of alcohol while driving his automobile.
2. Admission, over defendant’s objection, of expert testimony with reference to urine and blood tests in relation to alcoholic influence.
3. Admission of other testimony, over objection of defendant, prejudicial to him.
In reference to the first assignment of error, defendant strongly contends that, since the question whether he was under the influence of liquor while driving was the sole one for the jury to determine, it was error to allow police officers, who saw him, to testify that in their opinion he was drunk.
It is true that ordinarily opinion evidence may not be admitted when it, in effect, answers the very question as to the existence or nonexistence of an ultimate fact to be determined by the jury. Shepherd v. Midland Mutual Life Ins. Co., 152 Ohio St., 6, 87 N. E. (2d), 156.
An opinion with reference to intoxication is probably one of the most familiar subjects of nonexpert evidence, and almost any lay witness, without having any special qualifications, can testify as to whether a person was intoxicated. It follows that, where one *422 says that in his opinion a person is intoxicated, he is really stating it as a fact rather than an expert opinion. In any event, we do not hold that admission of such evidence is prejudicially erroneous.
With reference to the second assignment of error, a more serious question arises.
When defendant was taken to police headquarters, he was asked to submit to a urinalysis and blood test, to be given by the city police chemist, to determine whether defendant was under the. influence of alcohol. He refused to submit to the tests unless his own physician was present or would give the tests. There was no showing that his physician was not readily available.
The first witness for the prosecution was the police chemist in charge of the scientific crime detection laboratory. He testified at great length with reference to His experience in making tests to determine the alcoholic content of urine and explained in minute detail the scientific aspects and principles of the tests he makes, indicating that such tests are infallible and will disclose the guilt or innocence of one charged with being under the influence of intoxicating liquor. Counsel for defendant continuously objected to the police chemist’s testimony, and at its conclusion moved to strike all of it.
Was this testimony admissible, and, if not, was its admission prejudicial?
The testimony in the present case created a close issue as to defendant’s guilt. Four members of the police department testified that defendant was intoxicated when arrested, and based their judgment as to his condition upon their observations that his clothes and hair were slightly mussed, that he weaved slightly when he walked or moved, and that there was the odor of alcohol on his breath. Two of them also testified *423 that when he was given the finger-to-nose test, that is, when he extended his arms and forefingers and attempted to bring his forefingers to his nose, instead of touching the tip of his nose one finger touched the side of his face and the other one touched the side of his nose.
The defendant, his father-in-law, his wife, his daughter, and the young woman with them testified positively that defendant was not intoxicated but that he was under the care of a physician and was ill; and that, as a matter of fact, his intention was to leave his companions at the fair and go to his physician. The police likewise testified that defendant complained of being ill. All the occupants of defendant’s automobile and a disinterested witness testified as to periods amounting to a period from 12:30 p. m. until the arrest. They all, except the disinterested witness, said that defendant drank no intoxicating liquor, and the disinterested witness, who was with him at a different hour, testified that defendant drank only one-half bottle of beer, and that that took place some four hours prior to his arrest.
Since no tests were made upon defendant, he contends that the admission of the chemist’s evidence in chief constituted error, as no other evidence had been introduced to which the chemist’s evidence could have been applicable in the way of impeachment or otherwise.
The prosecution maintains that the evidence was relevant for the reason that defendant refused to have the tests made; that it was proper for prosecuting counsel to comment upon that fact as indicating defendant’s guilt; and that, in order to have such comment of any significance, it was proper to demonstrate what the tests would have revealed had defendant not refused to submit to them.
*424 Whether such comment was made by prosecuting counsel is not in the record, for we do not have the argument of counsel.
Prior to the amendment of Section 10, Article I of the Constitution of Ohio, on September 3, 1912, it was prejudicial error for counsel for the prosecution to comment upon the failure of a defendant to testify in his behalf, but, now, comment is proper, although no person in a criminal action shall be compelled to be a witness against himself.
It follows that, since the constitutional amendment, it is proper for counsel for the prosecution to comment upon the fact that one charged with being under the influence of alcohol refused to submit to urine and blood tests. However, in the present case, defendant did not refuse to submit to such tests. He merely stated, and even the police witnesses for the prosecution so testified, that he would not submit to the tests unless he could arrange either to have his own physician present or have that physician make the tests, and that he was suspicious of the police tests from having read in the paper that there had been a switch in one such test and a man discharged therefor.
From the testimony it appears also that defendant knew nothing about the accuracy or reliability of such tests.
In our opinion, since there is no showing that defendant’s physician was not readily available, defendant’s request to have his physician present was a reasonable one and his refusal to submit to the tests did not otherwise amount to such a refusal as would give counsel for the prosecution the right to assert that the refusal amounted to an admission of guilt, nor would it give the jury or the court a right to so consider it.
It follows that it was error to admit the. police chemist’s evidence as the first testimony in chief which was produced in the trial.
*425 As was said by the dissenting judge of the Court of Appeals, “having been offered in chief it must be assumed that it was intended as probative evidence on the guilt or innocence of the defendant,” and “it was not intended for impeachment nor to affect credibility because at that juncture neither was involved.”
In 20 American Jurisprudence, 242, Section 248, it is stated:
“It is said that in criminal cases there is even stronger necessity than in civil cases for strictly enforcing the rule requiring the evidence to be confined to the point in issue for it is of utmost importance that the facts laid before the jury consist exclusively of the transaction forming the subject of the indictment and matters relating thereto, because these are the only things that the accused can be expected to come prepared to answer. ’ ’
If the prosecution had the right to offer the chemist’s testimony showing the nature and purpose of the tests to which defendant did not submit, then defendant had the right to meet it with testimony to the contrary, and there could be a trial on a mere collateral matter concerning an issue that was never made.
In the present situation, it was clearly erroneous for the trial court to admit the testimony in chief of the police chemist over the objection of defendant and to refuse to strike it upon his motion.
In our opinion, considering the closeness of the case and the fact that the court made no explanation to the jury as to any special purpose of the police chemist’s testimony but merely stated that the purpose of the testimony was to assist the jury in arriving at a just and correct verdict, and since, as we have indicated, there was no absolute refusal upon the part of defendant to submit to the tests but only a conditional refusal, which was justifiable and reasonable, we are of the opinion that the admission of the police chemist’s testimony in chief constituted prejudicial error.
*426 Further assignments of error we consider as not well founded so far as they raise any prejudicial matters affecting defendant.
The judgment of the Court of Appeals is reversed and the cause remanded to the Municipal Court of Columbus for further proceedings in accordance with this opinion.

Judgment reversed.

Middleton, Taft, Hart and Zimmerman, JJ., concur.
Matthias, J., not participating.